IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CHARLES S.,<br><br>      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,[1]<br>**Acting Commissioner of Social Security,**<br><br>      Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:21-cv-00369-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

      Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[2] Before the court is Plaintiff Charles S.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, all of Plaintiff's arguments

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 12.

[2] ECF No. 11.

[3] 42 U.S.C. §§ 401-434.

on appeal either fail on the merits or are inadequately briefed. Therefore, the court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB in May 2019.[4] Plaintiff's application was denied initially and upon reconsideration.[5] On October 8, 2020, Plaintiff appeared with counsel for a telephonic hearing before an Administrative Law Judge ("ALJ").[6] Later the same month, the ALJ issued a written decision denying Plaintiff's claim for DIB.[7] Plaintiff appealed the adverse ruling, and, on May 10, 2021, the Appeals Council denied his appeal,[8] making the ALJ's decision final for purposes of judicial review.[9] On June 16, 2021, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[10]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[4] ECF No. 15, Administrative Record ("AR ___") 189-92.

[5] AR 87, 89.

[6] AR 32-64.

[7] AR 16-31.

[8] AR 4-9.

[9] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[10] ECF No. 4.

2

standards were applied."[11] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[12] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[13] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[14] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[15]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[16] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[17]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant

---

[11] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[12] 42 U.S.C. § 405(g).

[13] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[14] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[15] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[16] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[17] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[18]

At step three, the claimant must show that his impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[19] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[20] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[21] An individual's RFC is his ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[22] In making this finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[23]

At the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[24] "If the claimant is able to perform his previous work,

---

[18] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

[19] 20 C.F.R. § 404.1525(a); *see also* 20 C.F.R. § 404.1520(a)(4)(iii).

[20] *Williams*, 844 F.2d at 751.

[21] 20 C.F.R. § 404.1520(e).

[22] 20 C.F.R. § 404.1545(a)(1).

[23] 20 C.F.R. § 404.1545(a)(2).

[24] 20 C.F.R. § 404.1520(a)(4)(iv).

he is not disabled."[25] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[26]

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[27] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[28] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[29] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[30]

## ANALYSIS

Plaintiff presents several arguments to support his general contention that the ALJ erred at step two by determining that Plaintiff did not have severe impairments and, therefore, was not disabled. Below, the court outlines the requirements for demonstrating severe impairments at step two and provides a summary of the ALJ's decision, then addresses Plaintiff's specific arguments. As the analysis set forth below demonstrates, all of Plaintiff's arguments either fail or are inadequately briefed. Therefore, the court affirms the Commissioner's decision.

---

[25] *Williams*, 844 F.2d at 751.

[26] *Id*.

[27] *Id*.

[28] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[29] 20 C.F.R. § 404.1520(a)(4)(v).

[30] *Id*.

Contrary to Plaintiff's argument that the Commissioner bears the burden at step two, it is a claimant's burden at that step to show that his impairments are severe.[31] To carry that burden, a claimant must demonstrate that his impairments: (1) are medically determinable;[32] (2) are severe, meaning that they significantly limit his physical and mental ability to perform basic work activities;[33] and (3) lasted for at least twelve consecutive months.[34]

In this case, the ALJ determined at step two that Plaintiff had the medically determinable impairments of lipoma with surgical excision, type II diabetes mellitus, hypertension, obesity, and attention deficit hyperactivity disorder.[35] The ALJ then concluded that those impairments did

---

[31] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (providing that a claimant bears the burden of showing "at step two that he has a medically severe impairment or combination of impairments"); *Williamson v. Barnhart*, 350 F.3d 1097, 1099 (10th Cir. 2003) (providing that the plaintiff had the burden of proof at step two); *see also* 20 C.F.R. § 404.1520(a)(4)(ii) ("At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R.] § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.").

[32] 20 C.F.R. § 404.1521 ("If you are not doing substantial gainful activity, we will then determine whether you have a medically determinable physical or mental impairment(s) . . . . Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s). After we establish that you have a medically determinable impairment(s), then we determine whether your impairment(s) is severe.").

[33] 20 C.F.R. § 404.1522 ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").

[34] 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.").

[35] AR 22.

6

not qualify as severe under the relevant regulations because they did not significantly limit Plaintiff's ability to perform basic work activities for twelve consecutive months.[36] Therefore, the ALJ determined that Plaintiff was not disabled.[37]

Plaintiff's specific step-two arguments are that the ALJ erred by: (1) determining that Plaintiff's lipoma failed to meet the severity and duration requirements; (2) failing to consider all of the record evidence; (3) insufficiently analyzing medical opinions; (4) failing to mention Plaintiff's diagnoses of spondylosis and mild spinal canal stenosis; and (5) failing to consider the cumulative effect of all of Plaintiff's impairments. The court addresses each argument below and, based on the following analysis, concludes that they either fail or are inadequately briefed.

First, Plaintiff fails to show that the ALJ erred by concluding that Plaintiff's lipoma failed to meet the severity and duration requirements. Plaintiff's argument on this issue is poorly developed and does not contain any meaningful analysis.[38] Consequently, the court could decline to consider it on that basis.[39] However, even if the court considers this argument, it fails. Plaintiff

---

[36] AR 22-26.

[37] AR 26.

[38] *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) ("A district court is not exclusively a trial court. In addition to its *nisi prius* functions, it must sometimes act as an appellate court. Reviews of agency action in the district courts must be processed *as appeals*. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure." (emphasis in original)). Consequently, the court applies the Tenth Circuit's rules for whether briefing is adequate.

[39] *Mays v. Colvin,* 739 F.3d 569, 576 (10th Cir. 2014) (declining to consider an argument that was not adequately developed and stating that the court "will not construct an argument" for the plaintiff); *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012) (providing that the court should "consider and discuss only those . . . contentions that have been adequately briefed for . . . review"); *Wall v. Astrue,* 561 F.3d 1048, 1065 (10th Cir. 2009) (declining to consider an

merely points to select portions of record and opinion evidence that, according to Plaintiff, show that his lipoma satisfied the severity and duration requirements. In doing so, Plaintiff invites the court to reweigh the evidence before the ALJ, which is an unavailing tactic on appeal. The court does not reweigh the evidence before the ALJ.[40] From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[41] Thus, the court rejects Plaintiff's invitation to reweigh the evidence and concludes that his argument fails.

Second, Plaintiff fails to demonstrate that the ALJ did not consider all the record evidence. Although Plaintiff sets forth certain standards to which an ALJ must adhere when considering and discussing record evidence, Plaintiff's argument on this point is devoid of any analysis. Because his argument is not developed any way, the court will not consider it.[42]

---

argument because the plaintiff failed to support the argument "with any developed argumentation" and stating that "[w]here an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal" (quotations and citations omitted)); *Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) (concluding that "perfunctory complaints" that "fail to frame and develop an issue" are not "sufficient to invoke appellate review").

[40] *Madrid*, 447 F.3d at 790.

[41] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[42] *Mays*, 739 F.3d at 576; *Keyes-Zachary*, 695 F.3d at 1161; *Wall*, 561 F.3d at 1065; *Murrell*, 43 F.3d at 1390 n.2.

Third, Plaintiff's argument concerning the ALJ's analysis of the medical opinions fails. Although Plaintiff contends in a cursory manner that he "contests" the ALJ's findings concerning certain medical opinions, Plaintiff does not engage in any analysis to show how the ALJ allegedly treated those opinions improperly. Thus, Plaintiff's argument is inadequately briefed, and the court declines to consider it further.[43]

Fourth, Plaintiff fails to show that the ALJ committed any error by failing to mention Plaintiff's diagnoses of spondylosis and mild spinal canal stenosis. As with several of his other arguments, Plaintiff's argument on this point lacks any analysis. Instead, he merely states that the ALJ did not mention the diagnoses, then points to select portions of the record without any explanation about why those portions are relevant to his step-two argument. Because this argument is undeveloped, the court will not consider it.[44]

Finally, Plaintiff fails to demonstrate that the ALJ did not consider the cumulative effect of all of Plaintiff's impairments. Relying upon precedent from the Ninth Circuit, Plaintiff contends that the ALJ was required to "tack" certain of Plaintiff's medical conditions together when considering the duration requirement under step two. Plaintiff's argument must fail because the court is not required to follow nonbinding precedent, and Plaintiff fails to cite to any controlling authority that would require the ALJ to "tack" Plaintiff's medical conditions together. Moreover, the ALJ specifically stated that he considered the effects of Plaintiff's impairments

---

[43] *Mays*, 739 F.3d at 576; *Keyes-Zachary*, 695 F.3d at 1161; *Wall*, 561 F.3d at 1065; *Murrell*, 43 F.3d at 1390 n.2.

[44] *Mays*, 739 F.3d at 576; *Keyes-Zachary*, 695 F.3d at 1161; *Wall*, 561 F.3d at 1065; *Murrell*, 43 F.3d at 1390 n.2.

both singly and in combination when determining that those impairments did not significantly limit Plaintiff's ability to perform basic work activities.[45] Under precedent from the Tenth Circuit, the "general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter."[46] For that additional reason, Plaintiff's argument fails.

## **CONCLUSION AND ORDER**

As demonstrated above, all of Plaintiff's arguments on appeal either fail on the merits or are inadequately briefed for appellate review. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 13th day of July 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[45] AR 25.

[46] *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)